1
2
3
4
5

CREGGER & CHALFANT LLP
ROBERT L. CHALFANT, SBN 203051
Email: rlc@creggerlaw.com
WENDY MOTOOKA, SBN 233589
Email: wm@creggerlaw.com
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.426-1889
Fax: 916.443-2124

6
7

Attorneys for Defendants CHRISTOPHER
JOHNSON, COUNTY OF SACRAMENTO

8

9            **UNITED STATES DISTRICT COURT**

10           **EASTERN DISTRICT OF CALIFORNIA**

11

| 12  MAURICE D. JOHNSON, SR., | Case No.: |
|---|---|
| 13                Plaintiff, | |
| 14        vs. | **NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL** |
| 15  CHRISTOPHER JOHNSON; COUNTY OF SACRAMENTO; CITY OF VACAVILLE; and DOES I-XX, inclusive, | **[28 U.S.C. § 1331, § 1441]** |
| 16 | |
| 17                Defendants. | |

18

19   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE that Defendants CHRISTOPHER JOHNSON and COUNTY

21   OF SACRAMENTO hereby remove to this Court the state court action described below:

22        1.    On or about August 26, 2016, an action was commenced in the Superior Court of

23   the State of California in and for the County of Sacramento, entitled *Maurice D. Johnson, Sr., v.*

24   *Christopher Johnson, et al.*, Case No. 34-2016-00199491, copy of Complaint attached as Exhibit

25   A.

26        2.    This action is a civil action of which this Court has original jurisdiction under 28

27   U.S.C. § 1331 and is one which may be removed to this Court by defendants pursuant to 28

28   U.S.C. § 1441(a) & (b) in that its allegations arise under 42 U.S.C. § 1983.

CREGGER & CHALFANT, LLP.
701 University Ave., #110
Sacramento, CA 95825
(916) 426-1889

NOTICE OF REMOVAL OF ACTION; DEMAND FOR
JURY TRIAL                                          1
Case No.

3.   Plaintiff served the Summons and Complaint on Defendants CHRISTOPHER JOHNSON and COUNTY OF SACRAMENTO on September 22, 2016, as evidenced by the received stamp on the face page of the Summons, copy attached as Exhibit B.

4.   Defendant CHRISTOPHER JOHNSON has consented to join in the removal of the action to the United States District Court.

5.   Defendant CITY OF VACAVILLE has not yet appeared, but has consented, through its retained counsel, to the removal of the action to the United States District Court.

6.   This removal is timely because the COUNTY OF SACRAMENTO first received the Complaint on September 22, 2016, and this removal followed within 30 days.

7.   A copy of the pleadings received by the COUNTY OF SACRAMENTO is attached hereto as Exhibit C.

DATE: October 20, 2016                    CREGGER & CHALFANT LLP


                                          /s/ Robert L. Chalfant
                                          ROBERT L. CHALFANT
                                          Attorneys for Defendants CHRISTOPHER
                                          JOHNSON, COUNTY OF SACRAMENTO

CREGGER & CHALFANT, LLP.
701 University Ave., #110
Sacramento, CA 95825
(916) 426-1889

NOTICE OF REMOVAL OF ACTION; DEMAND FOR
JURY TRIAL
Case No.                                          2

# PROOF OF SERVICE

**CASE:**     **Maurice D. Johnson, Sr. v. Christopher Johnson, et al.**
**NO.:**       **U.S. District Court, Eastern District of California, No. _____**

The undersigned declares:

I am a citizen of the United States and a resident of the County of Sacramento.  I am over the age of 18 years and not a party to the within above-entitled action; my business address is 701 University Avenue, Suite 110, Sacramento, CA 95825.

I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; said correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business.

On the date indicated below I served the within **NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL** on all parties in said action as addressed below by causing a true copy thereof to be:

<u>x</u>     **placed in a sealed envelope** with first class postage thereon fully prepaid in a designated area for outgoing mail;

__     **delivered by hand;**

__     **telecopied by facsimile;**

__     **express mailed by overnight delivery.**

<u>Attorneys for Plaintiff</u>
Stewart Katz
Law Office of Stewart Katz
555 University Avenue, Suite 270
Sacramento, CA 95825
Telephone:    (916) 444-5678
Email:        stewartkatzlaw@gmail.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this October 20, 2016 at Sacramento, California.

                /s/ Beverly J. Murch
                Beverly J. Murch

CREGGER & CHALFANT, LLP.
701 University Ave., #110
Sacramento, CA 95825
(916) 426-1889

NOTICE OF REMOVAL OF ACTION; DEMAND FOR
JURY TRIAL                                                    3
Case No.

# EXHIBIT A

LAW OFFICE OF STEWART KATZ
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiff
Maurice D. Johnson, Sr.

FILED
Superior Court Of California
Sacramento
08/26/2016
amocanu
By_____, Deputy
Case Number:
34-2016-00199491

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

MAURICE D. JOHNSON, SR.,

      Plaintiff,

   vs.

CHRISTOPHER JOHNSON; COUNTY OF
SACRAMENTO; CITY OF VACAVILLE; and
DOES I-XX, inclusive,

      Defendants.

\#

**COMPLAINT FOR
DAMAGES**
**(Unlimited Civil)**

**Federal Claims: Violation of
Civil Rights [42 U.S.C. §
1983]; State Law Claims:
Bane Act, State Law Battery
and Negligence**

**JURY TRIAL DEMANDED**

Plaintiff Maurice D. Johnson, Sr., complains and alleges as follows:

## I. INTRODUCTION

1.    This is an action for monetary damages arising out of a violation of plaintiff's constitutional rights. On September 24, 2015, officers from the Sacramento County Sheriff's Department and the Vacaville Police Department executed a search warrant at plaintiff's home. Plaintiff was not a named target of the search warrant. When plaintiff opened his door, defendants tackled him violently without cause or warning, using excessive force and causing him to suffer significant injuries. Through this action, plaintiff seeks to recover for the losses suffered as a result of defendants' actions. Plaintiff seeks compensation for his physical injuries, humiliation, pain and suffering and punitive or exemplary damages as allowed by law.

## II. JURISDICTION AND VENUE

2.  All of the conduct that is alleged herein occurred within the County of Sacramento. Venue lies in the Superior Court for Sacramento County. Plaintiff's damages exceed $25,000, thus this is an unlimited civil action.

## III. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

3.  Plaintiff filed a timely government tort claim with the Sacramento County Board of Supervisors on January 21, 2016 as a precondition to the state law claims alleged in this action.

4.  As more than 45 days have elapsed and the claim has not been acted upon by the County of Sacramento, rejection is deemed as having occurred by operation of law.

5.  On January 25, 2016, plaintiff filed a timely government claim with the City of Vacaville on January 25, 2016 as a precondition to the state law claims alleged in this action.

6.  On March 2, 2016, the City of Vacaville rejected the claim.

## IV. PARTIES

7.  Plaintiff Maurice D. Johnson, Sr., is a 61 year old male resident of Sacramento and citizen of the United States.

8.  Defendant Johnson is a Sacramento County Sheriff's Deputy.  Deputy Johnson was acting under color of state law at all times mentioned herein and is being sued in his individual capacity.

9.  Defendant County of Sacramento is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

10.  Defendant City of Vacaville is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

11.  The true names and identities of defendants Does I through X are presently unknown to plaintiff. Plaintiff alleges on information and belief that each of defendants Does I through X was employed by the County of Sacramento during the time of this

1   incident. Plaintiff will seek to amend this Complaint as soon as the true names and

2   identities of defendants Does I through X have been ascertained.

3         12.   The true names and identities of defendants Does XI through XX are

4   presently unknown to plaintiff. Plaintiff alleges on information and belief that each of

5   defendants Does XI through XX was employed by the City of Vacaville during the time of

6   this incident. Plaintiff will seek to amend this Complaint as soon as the true names and

7   identities of defendants Does XI through XX have been ascertained.

8         13.   The individually named defendants herein, and each of them, to the extent

9   they engaged in any acts or omissions alleged herein, and unless otherwise indicated by this

10  Complaint, engaged in such acts and/or omissions under color of state law.

11        14.   Plaintiff alleges that at all times mentioned herein, defendants, and each of

12  them, were the agents, joint venturers, partners and/or co-conspirators of the other

13  defendants and that at all times, each was acting within the course and scope of said

14  relationship.

## V. FACTUAL ALLEGATIONS

16        15.   Plaintiff is a 61 year old African American male who has lived and worked

17  in Sacramento throughout his adult life. Before retiring, plaintiff worked for the City of

18  Sacramento for 43 years. Plaintiff has been a law-abiding citizen for his entire life and has

19  never been convicted of a criminal offense.

20        16.   Plaintiff lives at 8005 Scottsdale Drive in Sacramento, California. On

21  September 24, 2015, plaintiff lived in the home with his wife, step-son and young

22  grandson. Plaintiff's step-son is named Alfred Martinez.

23        17.   On September 24, 2015, plaintiff was at home with his grandson.

24        18.   At approximately 12:30 p.m., officers from Sacramento County's Special

25  enforcement Detail (SED) and officers from the Vacaville Police Department, acting in

26  conjunction, executed a search warrant on the property, looking for methamphetamine

27  and/or evidence of methamphetamine-related activity. The two persons named in the search

28  warrant were Alfred Martinez and Crystal Lopez. Alfred Martinez is plaintiff's step-son.

1   19.   The officers executing the search included Deputy Johnson. The warrant

2   was not approved for night service.

3   20.   Plaintiff does not look anything like Alfred Martinez or Crystal Lopez.

4   Alfred Martinez is a Hispanic male in his mid-thirties who stands 6'3" tall and weighs 240

5   pounds. Crystal Lopez is a Hispanic female who is also in her mid-thirties.

6   21.   When plaintiff opened his door in response to defendants' knocking,

7   defendants tackled him violently without cause or warning, throwing him to the ground and

8   seriously injuring him. In addition to injuring his shoulder, which required surgery, plaintiff

9   sustained multiple cuts and abrasions on his face.

10   22.   Plaintiff was not arrested, was not charged with any crime and had not

11   committed any crime.

12   23.   As a direct and proximate result of the defendants' actions, plaintiff suffered

13   physical injuries, pain and suffering and humiliation.

14   ## VI. CLAIMS FOR RELIEF

15   ### FIRST CLAIM FOR RELIEF

16   **Unreasonable Seizure/ Excessive Force**
**(42 U.S.C. section 1983)**

17   *Against Defendant Johnson and Does I through XX*

18   24.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23,

19   as though fully set forth herein.

20   25.   The actions of defendants alleged herein, including but not limited to

21   tackling plaintiff and violently throwing him to the ground without cause or warning, were

22   unreasonable and excessive uses of force. That conduct violated rights protected by the

23   Fourth Amendment of the United States Constitution.

24   26.   As a direct and proximate result of said acts and/or omissions by defendants,

25   plaintiff suffered injuries and damages as alleged herein.

26   27.   The aforementioned acts and/or omissions of said defendants were

27   malicious and sadistic and undertaken for the purpose of causing harm, thereby entitling

28   plaintiff to an award of exemplary and punitive damages according to proof.

## SECOND CLAIM FOR RELIEF
### Battery
### (California State Common Law)
*Against Defendant Johnson, Does I through XX,*
*County of Sacramento and City of Vacaville*

28.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

29.    The conduct of defendants Johnson and Does I through XX as alleged herein was wrongful, intentional and unwelcome bodily contact, constituting battery.

30.    As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered fear, distress, and other injuries as alleged herein.

31.    The aforementioned acts and/or omissions of the individually named defendants were malicious, reckless and/or accomplished with a conscious disregard for plaintiff's rights, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

32.    Defendants County of Sacramento and City of Vacaville are vicariously liable for the conduct of defendants Johnson and Does I through XX as described herein which constituted a battery.

## THIRD CLAIM FOR RELIEF
### Bane Act
### (California Civil Code Section 52.1, et seq.)
*Against Defendants Johnson, Does I through X,*
*County of Sacramento and City of Vacaville*

33.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32, as though fully set forth herein.

34.    The actions of defendants Johnson and Does I through X as alleged herein, including but not limited to tackling plaintiff and violently throwing him to the ground without cause or warning, were unreasonable and excessive uses of force. That conduct violated rights protected by the California State Constitution, including the rights to be free of unreasonable search and seizures. Defendant's alleged conduct is actionable under California Civil Code Section 52.1, et seq., the "Bane Act."

35.    As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered injuries and damages as alleged herein.

36.    The aforementioned acts and/or omissions of said defendants were malicious and sadistic and undertaken for the purpose of causing harm, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

**FOURTH CLAIM FOR RELIEF**
**Negligence**
**(California State Common Law)**
*Against Defendants Johnson, Does I through XX,*
*County of Sacramento and City of Vacaville*

37.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36, as though fully set forth herein.

38.    Defendants, and each of them, owed plaintiff a duty of care. Specifically, defendants had a duty to use reasonable care in executing a search warrant of a private residence.

39.    Defendants breached their duty, proximately causing injuries and damages to plaintiff as alleged herein. As a direct and foreseeable result of defendants' negligent acts, plaintiff suffered injuries as alleged herein.

40.    Defendants County of Sacramento and City of Vacaville are vicariously liable for the negligent conduct of defendants Johnson and Does I through XX.

**VIII. PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1.    For compensatory, general and special damages against each defendant, jointly and severally, in the amount proven at trial;

2.    For punitive and exemplary damages against each defendant in an amount appropriate to punish defendants and deter others from engaging in similar misconduct, as allowed by law;

3.    For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper; and

4.    For costs of suit and costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988 and as otherwise authorized by statute or law.


Dated: August 25, 2016                              Respectfully submitted,

                                                    _____
                                                    STEWART KATZ,
                                                    Attorney for Plaintiff


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury.


Dated: August 25, 2016

                                                    _____
                                                    STEWART KATZ,
                                                    Attorney for Plaintiff

# EXHIBIT B

HM J

LN000064

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHRISTOPHER JOHNSON; COUNTY OF SACRAMENTO;
CITY OF VACAVILLE; and DOES I-XX, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAURICE D. JOHNSON, SR.

RECEIVED
SEP 29 2016

**FILED**
Superior Court Of California,
Sacramento
08/26/2016
amocanu
By _____ , Deputy
Case Number:
34-2016-00198491

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*

Superior Court of California, Sacramento County
720 Ninth Street, Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Office of Stewart Katz, 555 University Ave., #270, Sacramento, CA 95825, (916) 444-5678

DATE:
*(Fecha)* AUG 2 6 2016

Clerk, by
*(Secretario)*

, Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

16 SEP 22 PM 3:0

COUNTY OF SACRAMENTO
BOARD OF SUPERVISORS

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

HM J

W000064

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHRISTOPHER JOHNSON; COUNTY OF SACRAMENTO;
CITY OF VACAVILLE; and DOES I-XX, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAURICE D. JOHNSON, SR.

RECEIVED
SEP 29 2016

FILED
Superior Court Of California,
Sacramento
08/26/2016
amocanu
By _____ , Deputy
Case Number:
34-2016-00199491

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> Superior Court of California, Sacramento County <br> 720 Ninth Street, Sacramento, CA 95814 | CASE NUMBER: *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Office of Stewart Katz, 555 University Ave., #270, Sacramento, CA 95825, (916) 444-5678

| DATE: *(Fecha)* AUG 2 6 2016 | Clerk, by *(Secretario)* _____ | Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

16 SEP 22 PM 3:0

COUNTY OF SACRAMENTO
BOARD OF SUPERVISORS

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  LAW OFFICE OF STEWART KATZ
2  STEWART KATZ, State Bar #127425
   555 University Avenue, Suite 270
3  Sacramento, California 95825
   Telephone: (916) 444-5678
4
5  Attorney for Plaintiff
   Maurice D. Johnson, Sr.
6

FILED
Superior Court Of California
Sacramento
08/26/2016
amocanu
By_____, Deputy
Case Number:
34-2016-00199491

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| MAURICE D. JOHNSON, SR., | # |
| Plaintiff, | **COMPLAINT FOR DAMAGES** (Unlimited Civil) |
| vs. | |
| CHRISTOPHER JOHNSON; COUNTY OF SACRAMENTO; CITY OF VACAVILLE; and DOES I-XX, inclusive, | **Federal Claims: Violation of Civil Rights** [42 U.S.C. § 1983]; State Law Claims: Bane Act, State Law Battery and Negligence |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Maurice D. Johnson, Sr., complains and alleges as follows:

## I. INTRODUCTION

1.      This is an action for monetary damages arising out of a violation of plaintiff's constitutional rights. On September 24, 2015, officers from the Sacramento County Sheriff's Department and the Vacaville Police Department executed a search warrant at plaintiff's home. Plaintiff was not a named target of the search warrant. When plaintiff opened his door, defendants tackled him violently without cause or warning, using excessive force and causing him to suffer significant injuries. Through this action, plaintiff seeks to recover for the losses suffered as a result of defendants' actions. Plaintiff seeks compensation for his physical injuries, humiliation, pain and suffering and punitive or exemplary damages as allowed by law.

## II. JURISDICTION AND VENUE

2.    All of the conduct that is alleged herein occurred within the County of Sacramento. Venue lies in the Superior Court for Sacramento County. Plaintiff's damages exceed $25,000, thus this is an unlimited civil action.

## III. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

3.    Plaintiff filed a timely government tort claim with the Sacramento County Board of Supervisors on January 21, 2016 as a precondition to the state law claims alleged in this action.

4.    As more than 45 days have elapsed and the claim has not been acted upon by the County of Sacramento, rejection is deemed as having occurred by operation of law.

5.    On January 25, 2016, plaintiff filed a timely government claim with the City of Vacaville on January 25, 2016 as a precondition to the state law claims alleged in this action.

6.    On March 2, 2016, the City of Vacaville rejected the claim.

## IV. PARTIES

7.    Plaintiff Maurice D. Johnson, Sr., is a 61 year old male resident of Sacramento and citizen of the United States.

8.    Defendant Johnson is a Sacramento County Sheriff's Deputy. Deputy Johnson was acting under color of state law at all times mentioned herein and is being sued in his individual capacity.

9.    Defendant County of Sacramento is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

10.    Defendant City of Vacaville is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

11.    The true names and identities of defendants Does I through X are presently unknown to plaintiff. Plaintiff alleges on information and belief that each of defendants Does I through X was employed by the County of Sacramento during the time of this

1  incident. Plaintiff will seek to amend this Complaint as soon as the true names and
2  identities of defendants Does I through X have been ascertained.

3       12.   The true names and identities of defendants Does XI through XX are
4  presently unknown to plaintiff. Plaintiff alleges on information and belief that each of
5  defendants Does XI through XX was employed by the City of Vacaville during the time of
6  this incident. Plaintiff will seek to amend this Complaint as soon as the true names and
7  identities of defendants Does XI through XX have been ascertained.

8       13.   The individually named defendants herein, and each of them, to the extent
9  they engaged in any acts or omissions alleged herein, and unless otherwise indicated by this
10  Complaint, engaged in such acts and/or omissions under color of state law.

11       14.   Plaintiff alleges that at all times mentioned herein, defendants, and each of
12  them, were the agents, joint venturers, partners and/or co-conspirators of the other
13  defendants and that at all times, each was acting within the course and scope of said
14  relationship.

### V. FACTUAL ALLEGATIONS

15

16       15.   Plaintiff is a 61 year old African American male who has lived and worked
17  in Sacramento throughout his adult life. Before retiring, plaintiff worked for the City of
18  Sacramento for 43 years. Plaintiff has been a law-abiding citizen for his entire life and has
19  never been convicted of a criminal offense.

20       16.   Plaintiff lives at 8005 Scottsdale Drive in Sacramento, California. On
21  September 24, 2015, plaintiff lived in the home with his wife, step-son and young
22  grandson. Plaintiff's step-son is named Alfred Martinez.

23       17.   On September 24, 2015, plaintiff was at home with his grandson.

24       18.   At approximately 12:30 p.m., officers from Sacramento County's Special
25  enforcement Detail (SED) and officers from the Vacaville Police Department, acting in
26  conjunction, executed a search warrant on the property, looking for methamphetamine
27  and/or evidence of methamphetamine-related activity. The two persons named in the search
28  warrant were Alfred Martinez and Crystal Lopez. Alfred Martinez is plaintiff's step-son.

19. The officers executing the search included Deputy Johnson. The warrant was not approved for night service.

20. Plaintiff does not look anything like Alfred Martinez or Crystal Lopez. Alfred Martinez is a Hispanic male in his mid-thirties who stands 6'3" tall and weighs 240 pounds. Crystal Lopez is a Hispanic female who is also in her mid-thirties.

21. When plaintiff opened his door in response to defendants' knocking, defendants tackled him violently without cause or warning, throwing him to the ground and seriously injuring him. In addition to injuring his shoulder, which required surgery, plaintiff sustained multiple cuts and abrasions on his face.

22. Plaintiff was not arrested, was not charged with any crime and had not committed any crime.

23. As a direct and proximate result of the defendants' actions, plaintiff suffered physical injuries, pain and suffering and humiliation.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
#### Unreasonable Seizure/ Excessive Force
#### (42 U.S.C. section 1983)
*Against Defendant Johnson and Does I through XX*

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23, as though fully set forth herein.

25. The actions of defendants alleged herein, including but not limited to tackling plaintiff and violently throwing him to the ground without cause or warning, were unreasonable and excessive uses of force. That conduct violated rights protected by the Fourth Amendment of the United States Constitution.

26. As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered injuries and damages as alleged herein.

27. The aforementioned acts and/or omissions of said defendants were malicious and sadistic and undertaken for the purpose of causing harm, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

## SECOND CLAIM FOR RELIEF
### Battery
### (California State Common Law)
*Against Defendant Johnson, Does I through XX,*
*County of Sacramento and City of Vacaville*

28.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

29.    The conduct of defendants Johnson and Does I through XX as alleged herein was wrongful, intentional and unwelcome bodily contact, constituting battery.

30.    As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered fear, distress, and other injuries as alleged herein.

31.    The aforementioned acts and/or omissions of the individually named defendants were malicious, reckless and/or accomplished with a conscious disregard for plaintiff's rights, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

32.    Defendants County of Sacramento and City of Vacaville are vicariously liable for the conduct of defendants Johnson and Does I through XX as described herein which constituted a battery.

## THIRD CLAIM FOR RELIEF
### Bane Act
### (California Civil Code Section 52.1, et seq.)
*Against Defendants Johnson, Does I through X,*
*County of Sacramento and City of Vacaville*

33.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32, as though fully set forth herein.

34.    The actions of defendants Johnson and Does I through X as alleged herein, including but not limited to tackling plaintiff and violently throwing him to the ground without cause or warning, were unreasonable and excessive uses of force. That conduct violated rights protected by the California State Constitution, including the rights to be free of unreasonable search and seizures. Defendant's alleged conduct is actionable under California Civil Code Section 52.1, et seq., the "Bane Act."

35.    As a direct and proximate result of said acts and/or omissions by defendants, plaintiff suffered injuries and damages as alleged herein.

36.    The aforementioned acts and/or omissions of said defendants were malicious and sadistic and undertaken for the purpose of causing harm, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

### FOURTH CLAIM FOR RELIEF
### Negligence
### (California State Common Law)
*Against Defendants Johnson, Does I through XX,*
*County of Sacramento and City of Vacaville*

37.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36, as though fully set forth herein.

38.    Defendants, and each of them, owed plaintiff a duty of care. Specifically, defendants had a duty to use reasonable care in executing a search warrant of a private residence.

39.    Defendants breached their duty, proximately causing injuries and damages to plaintiff as alleged herein. As a direct and foreseeable result of defendants' negligent acts, plaintiff suffered injuries as alleged herein.

40.    Defendants County of Sacramento and City of Vacaville are vicariously liable for the negligent conduct of defendants Johnson and Does I through XX.

### VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.    For compensatory, general and special damages against each defendant, jointly and severally, in the amount proven at trial;

2.    For punitive and exemplary damages against each defendant in an amount appropriate to punish defendants and deter others from engaging in similar misconduct, as allowed by law;

3.    For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper; and

4.    For costs of suit and costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988 and as otherwise authorized by statute or law.

Dated: August 25, 2016

Respectfully submitted,

STEWART KATZ,
Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury.

Dated: August 25, 2016

STEWART KATZ,
Attorney for Plaintiff

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME:   Gordon D Schaber Courthouse<br>PHONE NUMBER:   (916) 874-5522 | |

| SHORT TITLE:   Johnson vs. Johnson | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2016-00199491-CU-CR-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 03/02/2017 in Department  30  in accordance with California Rules of Court 212.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
  -Served all parties named in the complaint within 60 days after the summons has been issued
  -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
  -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 08/29/2016

David  De Alba, Judge of the Superior Court



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
### 720 Ninth Street
### Sacramento, CA 95814-1380
### (916) 874-5522—Website www.saccourt.ca.gov

## Program Case Notice
### Unlimited Civil Case

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b), (c) and (d) and Local Rule 2.46(B), (E) and (F).

| Action | Requirement |
|---|---|
| Service of Summons | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within 30 days after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court 30 days from the filing of the cross-complaint. |
| Statement of Damages | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| Responsive Pleadings | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within 10 days after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond 105 days from the filing of the complaint may be given. |
| Judgment by Default | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within 45 days after entry of default, unless the court has granted an extension of time. |
| Case Management Statement | The court will provide a notice of case management conference on the filing parties at the time that the case is filed with the court. A case management statement shall be filed at least 15 calendar days prior to the date set for the case management conference. |
| Mediation Statement | The Mediation Statement shall be filed concurrently with the Case Management Statement, unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference, as required by Local Rule 2.51(E). |
| Meet and Confer | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least 30 calendar days before the case management conference date. |
| Case Management Conference | A case management conference is generally held within 180 days of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rules Chapter Two – Part 4 for more information.

## NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.



**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement.  The parties may choose either of the following Mediation choices:

    **Private Mediation.**  Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance.  The cost of Mediation must be borne by the parties equally unless the parties agree otherwise.  Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

    **Court Mediation.**  Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

    The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation.  Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation.  In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

<u>*UNLIMITED CIVIL CASES*</u>
- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC.  In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

<u>LIMITED CIVIL CASES</u>
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



Superior Court of California, County of Sacramento

Case Management

## Arbitration
### UNLIMITED CIVIL CASES

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration.  Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List.  The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5.  Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826.  Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference.  If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

## LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12.  A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

## Additional Information
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.                          FAX NO. (Optional)
EMAIL ADDRESS (Optional)
ATTORNEY FOR (NAME):

**Superior Court of California, County of Sacramento**
**720 Ninth Street, Room 101**
**Sacramento, CA 95814-1380**
**(916) 874-5522—Website www.saccourt.ca.gov**

| PLAINTIFF/PETITIONER: | CASE MANAGEMENT CONFERENCE DATE: |
|---|---|
| DEFENDANT/RESPONDENT: | |
| **STIPULATION AND ORDER TO MEDIATION – UNLIMITED CIVIL** | CASE NUMBER:<br><br>ASSIGNED DEPT.: |

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following mediation process:

**<u>Type of Mediation (select one)</u>:**

☐   **1.   Court Mediation.**   *Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐   **2.   Court Mediation in lieu of previously ordered Arbitration.**   *Mediator's on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐   **3.   Private Mediation.**   *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

☐   **4.   Private Mediation in lieu of previously ordered Arbitration.**   *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

**<u>Neutral</u>**

**Court Neutral Selected:**   Name_____
(If type of Mediation selected above is option 1 or 2)

**Alternate Court Neutral Selected:**   Name_____
(If type of Mediation selected above is option 1 or 2)

**Alternate Court Neutral Selected:**   Name_____
(If type of Mediation selected above is option 1 or 2)

**Private Neutral Selected:**   Name_____
(If type of Mediation selected above is option 3 or 4)

**<u>Other Stipulations</u>**

☐   Discovery to remain open 30 days prior to trial.

Additional Stipulations: _____

_____

Stipulation and Order to Mediation – Unlimited Civil

CV\E–MED–179 (Rev 01.01.14)
Local Form Adopted for Mandatory Use

Page 1 of 3

# STIPULATION AND ORDER TO MEDIATION – UNLIMITED CIVIL

PLAINTIFF/PETITIONER: _____   CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney
Bar # _____
Address _____
_____

☑ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant   Dated: _____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney
Bar # _____
Address _____
_____

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant   Dated: _____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney
Bar # _____
Address _____
_____

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant   Dated: _____

☐ Additional Signature Page(s) Attached

## ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore:

☐ Stipulation and Order to Mediation deferred to Case Management Conference.
☐ The Court orders the parties to enter mediation as stipulated above, pursuant to Chapter Two – Part 5 of the Local Rules.
☐ Previously scheduled Case Management Conference is vacated.
☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.
☐ The case is ordered to the Trial-Setting Process.  The Trial and Settlement Conference dates shall be selected no later than _____
☐ Trial-Setting Conference is vacated.
☐ Time to Select Trial date and Mandatory Settlement Conference date is extended to _____
☐ Mediation Status Conference set for: _____   _____   _____
            Date          Time          Department
☐ Stipulation and Order to Mediation denied.
☐ It is further ordered that: _____
_____

Dated: _____   Signed: _____
                    **Judge of the Superior Court**

## STIPULATION AND ORDER TO MEDIATION

### *(Additional Signature Page)*

PLAINTIFF/PETITIONER: _____     CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

_____     _____     _____
Name of Party Stipulating           Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney
                                    Bar # _____
                                    Address _____
                                            _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____     _____     _____
Name of Party Stipulating           Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney
                                    Bar # _____
                                    Address _____
                                            _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____     _____     _____
Name of Party Stipulating           Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney
                                    Bar # _____
                                    Address _____
                                            _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____     _____     _____
Name of Party Stipulating           Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney
                                    Bar # _____
                                    Address _____
                                            _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____     _____     _____
Name of Party Stipulating           Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney
                                    Bar # _____
                                    Address _____
                                            _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

Stipulation and Order to Mediation – Unlimited Civil

# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
720 9th Street
Sacramento, CA 95814
916-874-5522—www.saccourt.ca.gov

## TENTATIVE RULING INFORMATION

### What is a Tentative Ruling

Prior to a hearing, the Court may issue a tentative ruling. The tentative ruling will become the order of the Court, and no hearing will be held, unless a party requests and appearance. A party requesting an appearance must advise the department clerk and the opposing party no later than 4:00 p.m. on the court day before the hearing.

### Access to Tentative Rulings

Tentative Rulings are available after 2:00 p.m. on the court day before the matter is heard. Tentative rulings may be viewed through the courts online services at www.saccourt.ca.gov, via the "View Civil and Probate Documents and Tentative Rulings" link on the Home page. Instructions will be available as to how to search for the tentative rulings.

If you do not have internet access, a clerk will read the tentative rulings to you over the phone. To obtain that service, you may contact the department in which the matter is scheduled using the appropriate telephone number below.

| Scheduled Department | Information Phone Numbers |
|---|---|
| Department 47 (Presiding Judge) | 916-874-5487 |
| Department 53 (Law and Motion) | 916-874-7858 |
| Department 54 (Law and Motion) | 916-874-7848 |
| Department 36 (CMP) | 916-874-7661 |
| Department 39 (CMP) | 916-874-7584 |

### Advising Clerk of Appearance

You may request an appearance by contacting the department in which the matter is scheduled, at the appropriate telephone number above.

**See Local Rules for additional information:**
1.06    - Presiding Judge (Dept 47)
1.06    - Law & Motion
2.47    - Case Management Program (CMP)



COURT'S WEB SITE - WWW.SACCOURT.CA.GOV